**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBBIE BASILE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:04-CV-0277** |
| **v.** | : | **(VANASKIE, C.J.)** |
| | | **(MANNION, M.J.)** |
| **NATIONWIDE MUTUAL** | : | |
| **INSURANCE COMPANY and** | | |
| **NATIONWIDE PROPERTY AND** | : | |
| **CASUALTY INSURANCE** | | |
| **COMPANY,** | : | |
| **Defendants** | : | |

# O R D E R

Before the court are: (1) the defendant's motion for a protective order, (Doc. No. 36); and (2) the plaintiff's motion for an extension of time to conduct discovery and to respond to the defendant's motion for summary judgment, (Doc. No. 39). Upon review, a hearing will be set to resolve several of the issues raised in the parties' motions, as detailed herein.

By way of background, this court had previously granted a forty-five (45) day continuance to complete discovery on December 15, 2004. (Doc. No. 21). The court set a discovery deadline of January 31, 2005. Additionally, it granted the plaintiff a period of fifteen (15) days beyond the completion of discovery in which to file her brief in opposition to the defendants' motion for summary judgment. In effect, that brief in opposition to summary judgment was due on or before February 15, 2005.

Again, on February 28, 2005, the court extended the discovery deadline

due to the defendant's failure to timely respond to the plaintiff's initial set of interrogatories. (Doc. No. 33). The new discovery deadline was set for March 31, 2005. In addition, the plaintiff was given an extension of time, until April 15, 2005, to respond to the defendant's motion for summary judgment.

On March 4, 2005, within the court's designated time for discovery, the plaintiff served the defendant with supplemental interrogatories. Subsequently, on March 14, 2005, the plaintiff served the defendant with a notice of deposition, which set the deposition of a Nationwide representative to "inquire into the issues addressed in Plaintiff's Supplemental Interrogatories," to be held on March 30, 2005, in Scranton, Pennsylvania.

On March 29, 2005, the defendant filed a motion for a protective order challenging the plaintiff's discovery requests. The defendant initially challenges the plaintiff's supplemental interrogatories on the basis that the plaintiff is in violation of Rule 33 of the Federal Rules of Civil Procedure and Rule 33.3 of the Middle District of Pennsylvania Rules of Court, which specifically limit the number of interrogatories to twenty-five (25) without leave of court. The defendant argues that, between the original and supplemental interrogatories, it has now been served with a total of twenty-nine (29) interrogatories.

The plaintiff counters that some of the designated "interrogatories" are actually requests for production of documents and, therefore, do not count toward the twenty-five (25) interrogatory limit. The plaintiff concedes,

however, that, even considering the requests for production, twenty-six (26) interrogatories have been submitted, which is over the limit provided for in the Federal Rules of Civil Procedure and the Local Rules of Court.  The plaintiff has therefore offered to retract Supplemental Interrogatory No. 2 in order to comply with the above-cited Rules.

Upon review of the initial and supplemental interrogatories served by the plaintiff, the court agrees that certain of these "interrogatories" are actually requests for production[1] and, moreover, that the plaintiff has, in fact, submitted twenty-six (26) actual interrogatories.  Although the plaintiff has offered to strike Supplemental Interrogatory No. 2, which is a follow-up to Supplemental Interrogatory No. 1, it would appear, at least from the documentation submitted to the court, that the plaintiff can cure the violation by striking Supplemental Interrogatories 5 and 6, which seem duplicative of Supplemental Interrogatories 1 and 2[2].  To this extent, the parties should confer and agree as to which of the Supplemental Interrogatories will be stricken prior to the hearing set in this matter.  The parties should be prepared

---

[1]Requests for production of documents should be made in accordance with Rule 34 of the Federal Rules of Civil Procedure.

[2]With the exception of the omission of "Nationwide UIM" prior to "Endorsement No. 2358," the language of Supplemental Interrogatories 1 and 5 is identical.  Moreover, the only difference between Supplemental Interrogatories 2 and 6, is that Supplemental Interrogatory No. 2 provides "please state the date that the UIM claims were paid," whereas Supplemental Interrogatory No. 6 provides "please state the dates of the claims."

to present this information at the hearing.

The defendant next challenges the substance of the supplemental interrogatories arguing that it does not keep the information requested in the ordinary course of its business.  In addition, the defendant argues that the supplemental interrogatories are not limited to time or geographic area[3], and that any response would be unduly burdensome and unreasonably expensive.

Upon review, the court finds that the plaintiff's supplemental interrogatories are relevant to the public policy issue which the court has permitted the plaintiff to pursue via discovery.  The court does have some concern, however, as to the affidavit provided by the defendant, which indicates that, even restricting the scope of the supplemental interrogatories to uninsured/underinsured[4] claims made in the state of Pennsylvania during the relevant period of time from 2000 through 2004, approximately 11,995 claim files would have to be reviewed manually, which would encompass approximately 2700 hours of employee time at an expense of $135,000 to the defendant.  (Emphasis added).  The affidavit provides that there is no way to search for the requested information electronically.  Given the representations made in the defendant's affidavit, a hearing will be scheduled to address the

---

[3]By specifically requesting information relating only to UIM Endorsement 2358, which is a Pennsylvania endorsement, the pliantiff has indicated that she has limited the geographic area to Pennsylvania.  (Doc. No. 41).

[4]The instant action includes only an underinsured motorist claim. Therefore, it would appear that uninsured claims need not be included.

court's concerns.

With respect to the hearing, in addition to being prepared to present any other information which the defendant wishes to have the court consider in relation to the matters pending before the court, the defendant is directed to have present at the hearing an Information Technology Supervisor who has complete knowledge of the defendant's computer system.  Further, in addition to any other information which the plaintiff wishes to have considered by the court, the plaintiff is to come prepared to address the issue of cost sharing for discovery.  Moreover, counsel for the plaintiff should come prepared to explain his assertion that he has been "advised that the Nationwide Best Practices Manual has information relevant to the interrogatories relating to payment of single vehicle policy stacked UIM claims."

In its motion for a protective order, the defendant also challenges the notice of deposition served on March 14, 2005.  The defendant argues that the notice does not indicate whether it is to be videotaped in accordance with Fed.R.Civ.P. 30(b)(2).  In addition, the defendant argues that, contrary to Fed.R.Civ.P. 30, reasonable notice was not provided of the scheduling of the deposition[5].  The defendant, therefore, seeks to have the notice of deposition

---

[5]The court notes that the defendant challenges the sixteen (16) day notice it was given with respect to the scheduling of the deposition.  The defendant, however, waited until March 29, 2005, some twenty-five (25) days from the date of being served with the supplemental interrogatories and fifteen (15) days from the date of being served with the notice of deposition to file the instant motion for protective order.  This occurred only one (1) day prior to the

5

quashed.

Upon inquiry, the court has been notified that the deposition set for March 30, 2005, never took place.  Therefore, prior to the hearing scheduled in this matter, the parties are to confer and agree upon a new date for the deposition to take place.  If the parties cannot agree on a date, the court will set a date at the scheduled hearing, if necessary.

Finally, any ruling on the plaintiff's motion for an extension of time to conduct discovery and to respond to the defendant's motion for summary judgment, will be held in abeyance pending the hearing set in the instant action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** a hearing is set on the discovery matters pending before the court on **Thursday, May 12, 2005 at 9:30 A.M.**, in Courtroom No. 1, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania; and

---

scheduled deposition and two (2) days prior to the conclusion of the discovery deadline set by the court.

**(2)** the parties are directed to come <u>fully</u> prepared to address the matters set forth herein.

**s/ Malachy E. Mannion**
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** April 29, 2005

O:\shared\ORDERS\2004 ORDERS\04-0277.9